IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHIE DIANNE MEREDITH                                                          PLAINTIFF

V.                                          NO. 15-5084

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kathie Dianne Meredith, brings this action pursuant to 42 U.S. C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on July 30, 2012, alleging an inability to work since December 31, 2006, due to heart and back problems. (Tr. 159-165, 191, 213). Plaintiff was last insured on December 31, 2011. (Tr. 191). Therefore, the relevant time period for purposes of DIB benefits is from December 31, 2006, through December 31, 2011. An administrative hearing was held on July 22, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 30-61).[1]

By written decision dated September 20, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

---

[1] Plaintiff is presently receiving supplemental security benefits with an onset date of July 30, 2012. (Tr. 39).

1

coronary artery disease, disorder of the back, and anxiety. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to perform work where interpersonal contact is routine and superficial. The complexity of tasks is learned by experience with several variables and judgment in limits. Supervision required is simple for routine and detailed for non-routine.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was capable of performing her past relevant work as a machine operator and hotel/motel maid. (Tr. 23). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary

outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v.

Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ considered all of Plaintiff's impairments in combination; 2) Whether the ALJ erred in his credibility analysis; 3) Whether the ALJ erred in his RFC determination; and 4) Whether the ALJ erred by failing to fully and fairly develop the medical record. (Doc. 9).

#### A. Plaintiff's Impairments in Combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 15). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 15). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 15). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 16-17). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Plaintiff's argument on this issue is without merit.

#### B. Credibility Analysis:

Plaintiff argues that the ALJ neglected to properly address her subjective complaints of pain. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ discussed Plaintiff's daily activities, noting that she lived alone in a mobile home, spent her day resting, taking her medications, doing laundry, washing dishes, caring for her cats and cleaning when she was able. (Tr. 17). The ALJ also carefully discussed the medical records, including those that are outside the relevant time period. (Tr. 19-22). The ALJ noted that with respect to Plaintiff's back, in 2006, Plaintiff did well with physical therapy, and the lumbar MRI was reported as looking good. (Tr. 19). A MRI dated October 30, 2006, demonstrated moderate disc bulging at L3-4 and L4-5 with mild disc bulging at L1-2 and L2-3. (Tr. 19).

The ALJ also discussed Plaintiff's cardiac catherization and diagnosis of myocardial infarction, hypotension, hyperlipidemia and constipation. (Tr. 19). The ALJ discussed Plaintiff's multiple visits to the emergency room, and the fact that on April 19, 2012, Plaintiff underwent an aortocoronary bypass times two, left internal mammary artery graft to the left

5

anterior descending and saphenous vein graft to the obtuse marginal. (Tr. 21). Throughout his discussion, the ALJ noted that Plaintiff was advised on more than one occasion by physicians to stop smoking, but continued to do so. (Tr. 19-20). The ALJ also reported that Plaintiff refused a referral to psychiatry for evaluation. (Tr. 20).

The ALJ did not discount all of Plaintiff's complaints, but noted that no physician placed any functional restrictions on her activities that would preclude work activity under his RFC. (Tr. 22). He found Plaintiff's pain appeared to be well controlled with prescription medication, and that Plaintiff's side effects from the medications were mild and would not interfere with Plaintiff's ability to perform work activities in any significant manner. (Tr. 22). The Court also finds it noteworthy that Plaintiff did not receive treatment for any condition from December 30, 2006, to November 14, 2011. Although Plaintiff cited lack of resources as a reason she did not seek treatment, Plaintiff was somehow able to continue to afford cigarettes, which was also non-compliant with her doctors' recommendations, and which affects her credibility. Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted)("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.").

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination:

Plaintiff argues that the ALJ erred when he found Plaintiff could perform her past relevant work during the relevant time period because he neglected to consider all of Plaintiff's physical impairments in determining Plaintiff's RFC. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all

6

relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In making his RFC determination, the ALJ discussed the relevant medical records, which showed very mild activity bilaterally in the lumbosacral spine, most consistent with degenerative change; moderate disc bulging at L3-4 and L4-5 with mild disc bulging at L1-2 and L2-3; physical examination findings that showed normal gait and intact neurological functioning; and treatment records demonstrating improvement with medication, physical therapy, and chiropractic care. (Tr. 279-90, 297, 299-300, 304-18, 322, 334-335, 610, 642, 649, 720).

The Court also notes that on October 2, 2012, Dr. Ronald Davis completed a Physical RFC Assessment regarding Plaintiff's condition during the relevant time period, and

7

concluded that Plaintiff would be able to perform light work. (Tr. 74-76). A Psychiatric Review Technique form was completed by Christal Janssen, Ph.D., on October 2, 2012, and Dr. Janssen concluded that Plaintiff appeared able to perform work where interpersonal contact was routine/superficial; complexity of tasks learned by experience, several variables, judgment within limits; supervision little for routine but detailed for non-routine. (Tr. 80).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### D.  Past Relevant Work:

Plaintiff also argues the ALJ erred in finding Plaintiff could perform a limited range of light work during the relevant time period. At the hearing held before the ALJ, the following hypothetical question was posed to the VE:

> Q: Hypothetical number one: assume an individual with the same age, education, and work experience as that of the claimant who is able to lift and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently; stand and/or walk six hours of an eight-hour workday with normal breaks; sit six hours of an eight-hour workday with normal breaks; push and pull with limitations pursuant to our lift/carry limitations; able to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience with several variables and judgment within limits; supervision required is little for routine, but details [sic] for non-routine. Could an individual with these limitations perform claimant's past work as it was actually performed or as it is customarily performed pursuant to the Dictionary of Occupational Titles?
>
> A:  Based on the hypothetical that's been presented, the individual would be placed at a light exertional classification of work. The job as the production worker machine operator would still be intact. The job as a maid would still be intact. And that would be the only jobs she would be able to return to.

(Tr. 57-58). After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the

8

record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing her past relevant work as a machine operator and hotel/motel maid, during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### E. Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ erred in developing the record because he failed to include a psychological review technique form in the record, obtain mental and physical RFC assessments, or purchase a consultative psychological examination. The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d

423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

As indicated above, contrary to Plaintiff's statement, the record contains mental and physical assessments completed by state agency medical consultants. Accordingly, Plaintiff's argument is without merit, and the ALJ did not fail to fully and fairly develop the record.

**IV.    Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 9th day of May. 2016.

>   */s/ Erin L. Setser*
>   HONORABLE ERIN L. SETSER
>   UNITED STATES MAGISTRATE JUDGE